UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY WILLIAMS, #525474,<br>    Petitioner,<br><br>-v-<br><br>GREGORY SKIPPER,<br>    Respondent. | No. 1:20-cv-720<br><br>HONORABLE PAUL L. MALONEY |

## ORDER

This is a habeas corpus action brought by state prisoner Tommy Williams. The matter is now before the Court on Williams' objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Sally J. Berens (R&R ECF No. 11; Objection ECF No. 12). For the reasons to be stated, the Court will overrule the objection, adopt the R&R as the opinion of the Court, and deny the motion.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Williams' objection is lengthy, and like his habeas petition, it is not a model of clarity. He spends much of the objection arguing that the state of Michigan is acting illegally by not ensuring that he can provide legally sufficient pleadings; the state is violating his rights by failing to provide him in-prison legal counsel and legal training. The Court finds this objection irrelevant to the R&R, overly broad, and meritless. This objection is overruled.

Williams does bring more specific objections, which the Court will do its best to identify and deal with in turn. First, he objects to the R&R's conclusion that he was not prejudiced by trial counsel's failure to call as witnesses the police officers that first arrested him or the detective that supervised the case when the allegations first came to light about 15 years before trial. Williams argues that he was prejudiced because these individuals were the only individuals that could testify to "facts related to the statute of limitations" (ECF No. 12 at PageID.1112). But there is no statute of limitations for first-degree criminal sexual conduct. M.C.L. § 767.24(1)(a). Thus, the absence of testimony from these witnesses did not prejudice Williams, and this objection is meritless.

Next, Williams states that his trial counsel "should have ensured that the prosecutor was unable to cut [him] off in the representation of information required to lay the foundation for his defense position(s)." (*Id.* at PageID.1113). This does not identify a specific objection to the R&R. Even if it did, it is such a conclusory argument that it would be denied on its merits: The allegation that counsel "should have" acted in a certain way, without more, is insufficient to sustain a claim for ineffective assistance of counsel.

Third, Williams argues that expert witnesses should have been called to address the inconsistencies in the victim's testimony about her age. The Court agrees with the R&R's conclusion that Williams is not entitled to habeas relief on this ground for at least three reasons: first, both the prosecutor and defense attempted to clarify the victim's testimony, so the inconsistencies were highlighted for the jury; second, the inconsistency does not impact whether Williams was guilty of the charged crimes; and third, the victim's inability to clarify whether she was 11 or 12 during any given encounter with Williams does not cast any meaningful doubt on her credibility. This objection is overruled.

Williams then seems to allege that a second DNA test should have been run to confirm the first DNA test's findings. He has not raised this argument at any time: not before the Michigan Court of Appeals, not before the Michigan Supreme Court, and not before the magistrate judge. The Court declines to entertain a brand-new argument at this late stage. In any event, the Court agrees with the magistrate judge's conclusion that the DNA test introduced at trial, together with the DNA expert's and victim's testimony, was sufficient evidence to sustain Williams' conviction. This objection is overruled.

Williams' next cognizable argument is that he was entitled to an appeal of right by law, so the magistrate judge erred in concluding that his application for leave to appeal was untimely. The Court disagrees, as did Williams' appointed counsel (*see* ECF No. 10-14 at PageID.635). An appeal may be taken by right within 42 days of entry of judgment. M.C.R. 7.204(2)(c). Williams was sentenced on November 25, 2018; the 42-day window to appeal closed on January 6, 2019. Williams did not seek the appointment of counsel until March 2019. Thus, he was not entitled to an appeal of right, and there is no error in the R&R.

Finally, at various times in his objection, Williams objects to Magistrate Judge Berens' conclusion that he is not entitled to relief or a certificate of appealability. The Court declines to review such vague objections.

## Conclusion

For the reasons stated in this order,

**IT IS ORDERED** that the May 6, 2021 R&R (ECF No. 11) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's objection (ECF No. 12) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition (ECF No. 1) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  June 21, 2021             /s/ Paul L. Maloney  
                                 Paul L. Maloney  
                                 United States District Judge